UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-cv-01661-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in assessing her testimony, the medical evidence, and the lay testimony, and that these errors led to error in the residual functional capacity ("RFC") assessment and the step-five findings. Dkt. 18 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 55 years old; has one year of college education and phlebotomist training; and previously worked as a fast-food cook/cashier, construction flagger, and phlebotomist. Tr. 441-44, 460-61. In December 2017, she applied for benefits, alleging disability as of April 1, 2013. Tr. 412-18. Her applications were denied initially and on

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

reconsideration. Tr. 344-50, 353-58. The ALJ conducted a hearing in February 2020 (Tr. 99-122), and subsequently found Plaintiff not disabled. Tr. 76-92. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since April 1, 2013.

**Step two:** Plaintiff has the following severe impairments: upper extremity strain, lumbar strain, affective disorder, anxiety disorder, personality disorder, cannabis use disorder, and alcohol use disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff can perform light work with additional limitations: she can frequently handle bilaterally, and can frequently climb stairs and ramps. She can never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to vibrations and workplace hazards, such as moving machinery and unprotected heights. She is limited to simple, routine work-related instructions, tasks, and decisions with few changes in the workplace. She can have no public interaction and only incidental interactions with co-workers (i.e., no tandem or team tasks). She is likely to be off-task and not productive for 10% of a workday.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 76-92.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

# DISCUSSION

**A.    ALJ's Consideration of Plaintiff's Limitations in Determining RFC**

In her first claimed error, Plaintiff intermixes several different arguments addressing a wide range of findings made by the ALJ. Dkt. 18 at 3-11. The Court will attempt to identify the arguments and address them individually.

*1.    Step two findings*

Plaintiff contends the ALJ erred by failing to "properly consider both severe and non-severe functional limitations, alone and in combination, making the RFC deficient. The ALJ did not properly evaluate the plaintiff's diagnoses of PTSD, delusions, and paranoia among others." Dkt. 18 at 4. However, the ALJ explained at step two that Plaintiff was diagnosed with many conditions, and although the ALJ included certain conditions as severe impairments, the ALJ stated he "considered all of the claimant's established symptoms and resulting functional limitations — regardless of the diagnostic label attached to them — in assessing the claimant's maximum [RFC]." Tr. 79-80.

Plaintiff makes no showing the ALJ's statement is inaccurate. Rather Plaintiff identifies various diagnoses (Dkt. 18 at 4-5), but fails to show the ALJ ignored the symptoms associated with these diagnoses. Although she contends the ALJ failed to consider her paranoid and bizarre behavior as evidenced by a work altercation (Dkt. 18 at 5), the ALJ referenced this incident in the decision, indicating the ALJ consider it. *See* Tr. 81.

Because Plaintiff has not shown the ALJ ignored any particular symptoms or limitations caused by diagnoses not included at step two, Plaintiff fails to meet her burden to establish a harmful step-two error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (the party attacking an agency decision has the burden to show harmful legal error); *Buck v. Berryhill*, 869

F.3d 1040, 1048-49 (9th Cir. 2017) (explaining that excluding a diagnosis at step two is not harmful legal error where the ALJ considers all symptoms in assessing RFC).

      2.     *Upper extremity limitations*

Plaintiff argues the ALJ "failed to provide adequate explanation for not adopting the multiple findings regarding [her] physical functional capacity for work activities." Dkt. 18 at 6. Specifically, Plaintiff points to her diagnosis of upper extremity strain and claims she needed to wear wrist braces and had limited ability to handle, which she contrasts with the ALJ's finding that she could handle and finger frequently. Dkt. 18 at 6 (citing Tr. 72).

The ALJ explained why he found Plaintiff's upper extremity strain was not as limiting as alleged: the ALJ acknowledged Plaintiff's injury in 2013 and 2014, but noted by 2015 her examinations were normal and she did not receive any treatment for this condition in 2017-19, and had normal examinations again in 2018. Tr. 84 (citing Tr. 544, 598, 606, 615, 625, 1075). Plaintiff has not shown the ALJ's findings here are erroneous: she cites to a portion of the record as support for her upper extremity limitations, but the cited page is an agency form regarding electronic submission of evidence, and as such does not support her argument. Dkt. 18 at 6 (citing Tr. 72).[3]

Plaintiff also contends the ALJ ignored certain findings, but some of those are referenced in State agency opinions credited by the ALJ, and another pertains to a finger injury requiring

---

[3] It appears that Plaintiff's brief may use an alternate pagination system; she may have intended to refer to Tr. 68. Assuming she did, this evidence still does not undermine the ALJ's decision. This page is a treatment note from a few months after the ALJ's decision and was submitted to the Appeals Council. Plaintiff has not argued that the Appeals Council evidence undermines the ALJ's decision, and failed to acknowledge that the ALJ did not have the opportunity to review this treatment note. In the absence of a persuasive argument that this treatment note relates to the adjudicated period, the Court does not find that Plaintiff has shown that this treatment note undermines the ALJ's evaluation of the record before him.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

only two weeks of treatment. *See* Dkt. 18 at 6 (citing Tr. [158], [265], [315]). Because Plaintiff has not pointed to any evidence identifying a restriction the ALJ erroneously failed to include in the RFC determination, Plaintiff has failed to meet her burden to show the ALJ erred in assessing her physical RFC. *See Molina*, 674 F.3d at 1111.

Plaintiff also suggests that her upper extremity strain could meet or equal a listing (Dkt. 18 at 8-10) and also she agrees with the ALJ that her impairment *does not* "rise to the level of meeting one of the medical listings." Dkt. 18 at 8. In any event, Plaintiff fails to show she satisfies or equals all of the requirements of any particular listing, and thus has failed to meet her burden to show harmful legal error at step three. *See Molina*, 674 F.3d at 1111; *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990) (explaining that a claimant must satisfy all of the requirements of a listing in order to meet it, or have findings equal in severity to all of the listing's requirements in order to equal it).

### 3. Psychological opinions

Plaintiff argues the ALJ failed to give a legally sufficient reason to discount the psychological opinions, and instead "largely ignore[ed]" them "with boilerplate language." Dkt. 18 at 7.[4] On the contrary, the ALJ explained he discounted certain opinions because he found some of the opined limitations to be inconsistent with Plaintiff's performance on mental status examinations and at other appointments, or the providers failed to identify particular RFC limitations, or that an opinion described only temporary limitations. Tr. 89-90. Plaintiff failed to acknowledge these reasons or show these reasons are insufficient. Plaintiff thus fails to establish

---

[4] Plaintiff also references some of the Appeals Council evidence in this section (Dkt. 18 at 8), but again, fails to show that it undermines the ALJ's decision. For example, one of the medical opinions referenced describes limitations expected to last for only 3-6 months, and thus does not satisfy the durational requirement. *See* Tr. 215-25. Plaintiff also refers to a letter and treatment note dated months after the ALJ's decision. Dkt. 18 at 8 (citing Tr. [8-9]).

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

the ALJ erred in discounting the psychological opinions on these bases. *See Molina*, 674 F.3d at 1111.

        4.     *State agency opinions*

Plaintiff suggests the ALJ erred in partially crediting the State agency medical consultants' opinions because the ALJ failed to consider those opinions in light of the record as a whole. Dkt. 18 at 10. The ALJ explicitly referenced the State agency opinions in the context of the remainder of the record, however, explaining he found certain limitations to be persuasive in light of other evidence in the record. Tr. 88. Furthermore, Plaintiff does not show the ALJ erred in *crediting* the State agency opinions, an assessment that does not require any particular reasoning. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). Accordingly, the Court finds Plaintiff has not met her burden to show harmful legal error in the ALJ's assessment of the State agency medical consultants' opinions. *See Molina*, 674 F.3d at 1111.

**B.**    **Plaintiff's testimony**

The ALJ summarized Plaintiff's testimony about her limitations and discounted it because (1) Plaintiff's physical complaints were inconsistent with the record, showing normal examination findings and minimal complaints in the treatment record, and inconsistent with her failure to comply with treatment recommendations for her physical conditions; (2) Plaintiff's mental complaints are inconsistent with the evidence of some improvement with medication and her failure to fully comply with treatment recommendations, as well as many normal examination findings in the record; (3) her complaints are inconsistent with her activities, including part-time work, her activities of daily living, and caring for her four-year-old granddaughter; and (4) the record suggests that Plaintiff stopped working for reasons other than

her impairments and may be unemployed due to her criminal history, rather than her impairments. Tr. 83-88. An ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues because the ALJ erred in assessing the medical evidence, that error tainted the ALJ's assessment of her testimony. Dkt. 18 at 14. However, as explained above, the Court finds Plaintiff has not shown the ALJ erred with respect to the medical evidence, and thus Plaintiff's argument fails.

Plaintiff also argues the ALJ erred in discounting her testimony based on lack of treatment for physical issues, because it is her mental issues that prevent her from working. Dkt. 18 at 5-6. Plaintiff alleged disability based on physical and mental issues, however, and Plaintiff has not shown the ALJ erred in finding that the record demonstrated that she had not fully complied with treatment recommendations for both physical and mental issues. *See Molina*, 674 F.3d at 1113-14.

Plaintiff further argues the ALJ erred in discounting her testimony based on her activities, because the ALJ's findings did not identify a specific inconsistency between her daily activities or childcare activities and her pain allegations, nor did the ALJ find that these activities demonstrated the existence of transferable work skills. Dkt. 18 at 11, 15. The Court agrees some of the ALJ's activities findings are insufficiently specific, but the ALJ's findings with respect to Plaintiff's work during the adjudicated period adequately identify an inconsistency between Plaintiff's demonstrated ability to carry out simple, routine instructions, maintain a schedule, and have some degree of interaction with co-workers and her allegations of disabling mental limitations. *See* Tr. 83-84, 87. Because the ALJ identified a specific inconsistency with respect to Plaintiff's work activity, the ALJ did not err in discounting Plaintiff's allegations

based on this inconsistency. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Any errors in the remainder of the ALJ's activities findings is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Lastly, Plaintiff argues the ALJ erred in finding she stopped working for reasons other than her impairments, because she left her most recent job due to mental health symptoms. Dkt. 18 at 14 (citing Tr. [698]). The evidence presumably cited by Plaintiff does not necessarily establish she stopped working due to mental health symptoms; it states Plaintiff stopped working to avoid exposure to a stalker. The ALJ explicitly referred to this evidence in finding Plaintiff stopped working for reasons other than her impairments. Tr. 87 (citing Tr. 698). Furthermore, even if this line of reasoning was improper, Plaintiff has failed to show that all of the ALJ's other reasons are erroneous, and thus any error related to this reason is harmless. *See Carmickle*, 533 F.3d at 1162-63.

C.   **Lay statements**

The ALJ referenced two statements written by agency personnel as well as a statement written by Plaintiff's ex-mother-in-law and explained that he discounted the ex-mother-in-law's statement because it was similar to Plaintiff's discredited statements and inconsistent with the treatment record and Plaintiff's daily activities. Tr. 90. In the Ninth Circuit, an ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues that the ALJ erred in discounting the lay statements based on their similarity to her own statements because Plaintiff was forthright in her statements and no malingering was suspected.  Dkt. 18 at 12-13.  That may be true, but, as explained *supra*, the ALJ nonetheless provided legally sufficient reasons to discount Plaintiff's testimony, and thus did not err in discounting the lay witnesses' similar statements.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (finding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").  Plaintiff does not dispute that the lay statements are similar to her own statements, and thus has failed to meet her burden to show harmful legal error in the ALJ's assessment of the lay statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 11th day of August 2021.

          BRIAN A. TSUCHIDA
          United States Magistrate Judge